## IN THE COURT OF APPEALS OF IOWA

No. 25-1148
Filed October 29, 2025

**IN THE INTEREST OF T.H.,**
**Minor Child,**

**C.H., Mother,**
        **Appellant.**
_____

Appeal from the Iowa District Court for Boone County, Ashley Beisch, Judge.

A mother appeals the juvenile court's order terminating her parental rights to her minor child. **AFFIRMED.**

Chira L. Corwin of Corwin Law Firm, Des Moines, for appellant mother.

Brenna Bird, Attorney General, and Mackenzie Moran, Assistant Attorney General, for appellee State.

Mark J. Olberding of Olberding Law Office, Nevada, guardian ad litem for minor child.

Audra Saunders of Wasker, Dorr, Wimmer & Marcouiller, P.C., West Des Moines, attorney for minor child.

Considered without oral argument by Ahlers, P.J., and Chicchelly and Sandy, JJ.

**AHLERS, Presiding Judge.**

The juvenile court removed a ten-year-old child from her mother's custody because the mother was facing incarceration and using illegal drugs. The child was adjudicated as a child in need of assistance (CINA). The child was placed with her father, but she was removed from the father's custody after he allowed a registered sex offender to live in the same home. The child was then placed with a foster family.

After receiving additional time to work toward reunification, neither parent had progressed significantly, so this termination-of-parental-rights action was started. Following a trial, the juvenile court terminated the parental rights of both parents. Only the mother appeals.

## I.      Standard and Process of Review

We review terminations of parental rights de novo. *In re A.B.*, 957 N.W.2d 280, 293 (Iowa 2021). We are not bound by the juvenile court's fact findings, but we give them respectful consideration, especially when assessing the credibility of witnesses. *Id.*

Our review of termination orders under Iowa Code chapter 232 (2024) follows a three-step analysis to determine whether statutory grounds exist for termination, whether termination is the child's best interests, and whether an exception should apply to prevent termination. *Id.* at 294. However, we do not address any step in the process that is not challenged on appeal. *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010). "After addressing any challenged steps of the three-step process, we then address any additional claims raised by a parent." *In re L.A.*, 20 N.W.3d 529, 532 (Iowa Ct. App. 2025).

## II. Analysis

The mother raises three issues on appeal. She contends (1) the court erred by finding clear and convincing evidence sufficient to terminate her parental rights under Iowa Code section 232.116(1)(f); (2) the court did not make a proper determination that termination of parental rights was in the child's best interests; and (3) the court should have granted her a six-month extension to work toward reunification.[1] *See P.L.,* 778 N.W.2d at 40.

### A. Statutory Ground

The juvenile court terminated the mother's parental rights under section 232.116(1)(f). That ground permits termination if (1) the child is four years of age or older; (2) the child has been adjudicated a child in need of assistance; (3) the child has been removed from the parent's physical custody for twelve of the last eighteen months; and (4) "[t]here is clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents." Iowa Code § 232.116(1)(f). The mother only challenges the fourth element— whether there is clear and convincing evidence that the child could not be returned to her custody.

After our de novo review, we agree with the juvenile court that the child could not be returned to the mother's custody at the time of the termination hearing. *In re A.M.,* 843 N.W.2d 100, 111 (Iowa 2014) (concluding "at the present time"

---

[1] The mother's petition on appeal attempts to frame her request for an additional six months as an exception to termination under section 232.116(3). But her petition does not cite or argue for application of a specific exception. Therefore, we interpret her argument as one for a six-month extension and not as a request for application of an exception under section 232.116(3).

means at the time of the termination trial). At the termination trial, in response to the question whether she believed the child could be returned to her home at that time, the mother answered, "Obviously not." This admission is sufficient in itself to meet the element the mother now challenges. *See In re T.M.-L.*, No. 24-1818, 2025 WL 548851, at *3 (Iowa Ct. App. Feb. 19, 2025) (finding a parent's admission at trial that the child could not be returned to the parent's custody is enough to summarily reject the parent's appellate challenge to the contrary). But there's more. Due to lack of attendance, the mother was discharged unsuccessfully from mental-health and substance-use treatment ordered as part of a previous six-month extension. Although she testified to having a place to live with her substance-use sponsor for the three months leading to the termination trial and she started a job the week before the trial, these recent steps in the right direction are insufficient to alleviate our concerns. *See In re D.M.*, 516 N.W.2d 888, 891 (Iowa 1994) (finding eleven-hour improvements to prevent termination insufficient given the mother's previous and consistent shortcomings). While the CINA case was ongoing for nearly three years, the mother has been in and out of jail, moved to another state for a time, and did not maintain stable housing. The mother's unresolved substance-use issues, unresolved mental-health issues, and instability support her admission that the child could not be returned to her custody.

Like the juvenile court, we find clear and convincing evidence that the child could not be returned to the mother's custody at the time of the trial. As a result, a statutory ground for termination was established.

**B.** **Best Interests**

Next, the mother challenges the juvenile court's best-interests determination, claiming the determination was insufficient because it was conclusory. When determining whether termination is in a child's best interests we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." *P.L.*, 778 N.W.2d at 40 (quoting Iowa Code § 232.116(2)). To make this determination the court may consider the child's integration into a pre-adoptive home and what the future holds for the child if returned to the parent based on the parent's past parenting performance. *In re J.H.*, 952 N.W.2d 157, 171 (Iowa 2020).

The juvenile court's order regarding the child's best interests specifically referenced the facts set forth in its determination on the grounds for termination. In that section, the court analyzed the mother's lack of communication and collaboration with the department, her substance-use history, her inconsistent contact with the child, her failure to take advantage of the services provided to help her with her substance-use and mental-health issues, and her unstable living and employment history. The court also elaborated on the child's placement in a pre-adoptive home noting that, despite some recent mental-health issues, the child "is physically healthier than she was when in her parent's care," and "[e]ven given the placement movements [the child] has gone through within the foster care system, her parents have been no more stable." The juvenile court's best-interests determination was based on its extensive review of the facts, and we agree with its determination that termination of parental rights is in the child's best interests.

**C.     Additional Time**

Finally, the mother claims she has made great progress and should be given an additional six months to work toward reunification.   In certain circumstances, the court is allowed to grant a parent six additional months to work toward reunification before termination.  *See* Iowa Code § 232.117(5) (permitting the court to enter a permanency order pursuant to section 232.104 if it does not terminate parental rights); *see also id.* § 232.104(2)(b) (providing a permanency option of giving an additional six months to work toward reunification).  But before doing so, a court must be able to "enumerate the specific factors, conditions, or expected behavioral changes which comprise the basis for the determination that the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period."  *Id.* § 232.104(2)(b).

The underlying CINA case was open for nearly three years before the termination trial, in part because the court previously gave the mother a six-month extension with the expectation the mother's progress would continue. Unfortunately, it didn't.  Although her recent efforts in obtaining employment and temporary housing are commendable, they are not enough to convince us that the child could be returned to her custody in six months.  There is no credible evidence she has progressed in her mental-health or substance-use treatment or secured stable housing for herself and the child.  Additionally, the child has grown so weary of the mother's instability that the child no longer desires to be in her mother's custody.

In short, we see no credible evidence that the child could be safely returned to the mother by the end of a six-month extension. As a result, we affirm the juvenile court's decision denying the mother's request for a six-month extension.

## III.    Conclusion

We affirm the juvenile court's order terminating the mother's parental rights.

**AFFIRMED.**